**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EFRAIN RASCON JR.,

     Plaintiff,

v.                                                                                    Civ. No. 26-2162 GBW

UNITED STATES DEPARTMENT
OF AGRICULTURE and
FARM SERVICE AGENCY,

     Defendants.

**ORDER GRANTING APPLICATIONTO PROCEEED *IN FORMA PAUPERIS*,
ORDER FOR SERVICE, AND NOTICE REGARDING CASE MANAGEMENT**

*Pro se* Plaintiff filed a motion to proceed *in forma pauperis* using an Application to

Proceed in District Court Without Prepaying Fees or Costs (Short Form) ("Short Form

Application") which does not provide sufficient information for the Court to determine

whether a plaintiff is unable to pay the required fees. *See doc. 2.* The Court ordered

Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or

Costs (Long Form). *Doc. 4.* Plaintiff filed a Long Form Application on July 13, 2026.

*Doc. 5.*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that

the Court may authorize the commencement of any suit without prepayment of fees by

a person who submits an affidavit that includes a statement of all assets the person

possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements
> of [28 U.S.C.] § 1915(a) are satisfied.  If they are, leave should be granted.
> Thereafter, if the court finds that the allegations of poverty are untrue or
> that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d

58, 60 (10th Cir. 1962)).  "The statute [allowing a litigant to proceed *in forma pauperis*]

was intended for the benefit of those too poor to pay or give security for costs[.]"

*Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  While a litigant need

not be "absolutely destitute," "an affidavit is sufficient which states that one cannot

because of his poverty pay or give security for the costs and still be able to provide

himself and dependents with the necessities of life."  *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without

Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the

costs of these proceedings and provided the following information: (i) Plaintiff and his

spouse's combined average monthly income amount during the past 12 months is

$1,352.00; (ii) Plaintiff and his spouse's combined monthly expenses total $3,425.00; and

(iii) Plaintiff's two minor children rely on him for support.  *See doc. 5*.  The Court finds

that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an

affidavit stating he is unable to pay the costs of this proceeding and because his and his

spouse's combined monthly expenses exceed their monthly income.  Because the Court

is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Short Form

Application, *doc. 2*, as moot.

**Order for Service**

Rule 4 of the Federal Rules of Civil Procedure states the Court must order that

"service be made by a United States marshal or deputy marshal or by a person specially

appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis

under 28 U.S.C. § 1915."  Fed. R. Civ. P. 4(c)(3).

The Court orders the Clerk of the Court to provide a copy of this Order,

summonses and a copy of the Complaint to the United States Marshals Service for

service on Defendants United States Department of Agriculture and Farm Service

Agency at the addresses provided by Plaintiff in his Complaint.  *See doc. 1* at 3 (stating

that Defendant Farm Service Agency "is an agency under the umbrella of the USDA");

Fed. R. Civ. P. 4(i)(2) (serving an agency of the United States).

**Notice Regarding Case Management**

> Generally, *pro se* litigants are held to the same standards of professional
> responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to
> become familiar with and to comply with the *Federal Rules of Civil
> Procedure* and the *Local Rules of the United States District Court for the
> District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico

(Oct. 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal

Rules of Civil Procedure are available on the Court's website:

http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action[.]"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to

the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject

Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See*

Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)      Plaintiff's Application to Proceed in District Court Without Prepaying

Fees or Costs (Long Form), *doc. 5,* is **GRANTED.**

(ii)     Plaintiff's Application to Proceed in District Court Without Prepaying

Fees or Costs (Short Form), *doc. 2,* is **DENIED as MOOT.**

(iii)    The Clerk of the Court shall provide a copy of this Order, a summons for

Defendants U.S. Department of Agriculture and Farm Service Agency and

a copy of the Complaint, *doc. 1,* to the United States Marshals Service.  The

United States Marshals Service shall serve a copy of this Order, a

summons and a copy of the Complaint on:

**U.S. Department of Agriculture**
Office of the General Counsel
1400 Independence Ave, SW, Room 107W Whitten Building
Washington, D.C. 20250-1400

**Farm Service Agency**
Office of the General Counsel
1400 Independence Ave, SW, Room 107W Whitten Building
Washington, D.C. 20250-1400

Rule 4(i)(2) of the Federal Rules of Civil Procedure, which governs service

on United States agencies, requires that the United States must also be

served.  *See* Fed. R. Civ. P. 4(i)(1) (governing service on the United States).

_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE