**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EFRAIN RASCON JR.,

Plaintiff,

v. Civ. No. 26-2162 SMD/GBW

UNITED STATES DEPARTMENT
OF AGRICULTURE and
FARM SERVICE AGENCY,

Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND PRIVILEGED MATERIAL LITIGATION HOLD**

THIS MATTER comes before the Court on Plaintiff's Motion for Appointment of Pro Bono Counsel and Privileged Material Litigation Hold. *Doc. 14*. For the reasons explained below, Plaintiff's Motion shall be DENIED.

## I. BACKGROUND

Plaintiff filed his complaint against the United States Department of Agriculture ("USDA") and Farm Service Agency ("FSA") on July 2, 2026. *Doc. 1*. On August 10, 2026, Plaintiff filed an amended complaint which claimed, *inter alia,* violations of the Equal Credit Opportunity Act, violations of the Rehabilitation Act, and violations of state law under the Federal Tort Claims Act. *Doc. 10*.[1] On August 17, 2026, Plaintiff

[1] In his Motion for Appointment of Pro Bono Counsel and Privileged Material Litigation Hold (*doc. 14*), Plaintiff asserts that this litigation involves the proprietary asset "EquiPulse," however this agricultural technology is not mentioned in Plaintiff's Amended Complaint (*doc. 10*).

filed his Motion for Appointment of Pro Bono Counsel and Privileged Material Litigation Hold (*doc. 14*) in which he asked for the Court to (1) appoint him pro bono counsel; (2) require all scheduling conferences, motion arguments, and evidentiary hearings to be conducted in person; and (3) impose a litigation hold on Defendants to "preserve all internal networks, emails, digital records, texts, and administrative entries concerning Efrain Rascon Jr., TR Cattle Company, Tristan Lockmiller, and Investigator Brian Kent, spanning from January 1, 2024, through the present." *Id.* at 4-6.

## II. ANALYSIS

### a. Request for Pro Bono Attorney

Plaintiff argues that he requires counsel because the case involves "exceptional legal and factual complexities" and Plaintiff has "profound, compounding medical vulnerabilities," namely post traumatic stress disorder ("PTSD"), seizure disorder, and neurological deficits stemming from a traumatic brain injury ("TBI"). *Doc. 14* at 2-3. Plaintiff argues that his disabilities make it "impossible for Plaintiff to handle the grueling and precise procedural demands of federal civil litigation" and that they present "an absolute barrier to legal self-representation." *Id.* at 4.

"'There is no constitutional right to appointed counsel in a civil case.' However, 'the court may *request* an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (emphasis added) (quoting *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); 28 U.S.C. § 1915(e)(1)). "The decision to

appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

The Court has carefully reviewed Plaintiff's request, relevant case law, and the pleadings filed in this case considering the above-referenced factors and finds that the factors do not support appointment of counsel.

First, Plaintiff has not convinced the court that his claims hold sufficient merit to warrant appointment of counsel. *See generally doc. 9*. Second, while Plaintiff contends that the factual and legal bases for his claims are exceptionally complex, they seem to be fairly standard discrimination, tort, and contract claims. Third, while the Court is sympathetic to Plaintiff's disabilities stemming from his accident, he has successfully filed several motions and documents as a pro se litigant, and the Court finds he is

reasonably capable of self-representation. Thus, the applicable factors do not support granting Plaintiff's request to appoint counsel.

**b. Requests for In-Person Hearings and Litigation Hold**

Regarding Plaintiff's requests for in-person hearings and a litigation hold, the Court finds these requests premature and therefore will DENY them without prejudice. Plaintiff may request that any particular hearing be held in-person and explain why that hearing should not be held telephonically or otherwise. A blanket request without the opportunity for Defendants to respond is premature. As for the litigation hold, Defendants already have a duty to preserve relevant information when litigation is initiated or reasonably anticipated. *See Browder v. City of Albuquerque*, 187 F. Supp. 1288, 1294-95 (D.N.M. 2016); Fed. R. Civ. P. 37(e). The Court therefore finds an order issuing a litigation hold to be unnecessary at this time.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's request for appointment of a pro bono attorney is DENIED. Plaintiff's requests for in-person hearings and for an order requiring a litigation hold are DENIED WITHOUT PREJUDICE.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE